IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WARREN WADDY,                           :

                                                                 Case No. 3:98-cv-84

        Petitioner,


     -vs-                                 District Judge Timothy S. Black
                                                    Magistrate Judge Michael R. Merz


RALPH COYLE, WARDEN,

        Respondent.                      :


**SUPPLEMENTAL OPINION AND RECOMMENDATION**


This capital habeas corpus case is before the Court on Respondent's Objections (Doc. No. 184) to the Magistrate Judge's Decision and Order ("Rule 15 Decision," Doc. No. 182). As permitted by Fed. R. Civ. P. 72, the Petitioner has filed a Response to those Objections (Doc. No. 185) and Judge Black has recommitted the matter to the Magistrate Judge for further analysis (Doc. No. 187).

Respondent correctly recites the standard of review for a Magistrate Judge's decision on a non-dispositive matter: the District Judge may modify or set aside only those portions of the decision that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). However, the content of the Warden's Objections suggests the Warden believes that Rule 72(a) objections are essentially and properly an occasion to ask a District Judge to reconsider *de novo* what the Magistrate Judge decided.

1

On the contrary, review under Fed. R. Civ. P. 72(a) is in the nature of an appellate proceeding. "Review under Rule 72(a) provides 'considerable deference to the determinations of magistrate judges.' 7 Moore's Federal Practice ¶ 72.03 [7.-3]. A finding is clearly erroneous only when the reviewing court is left with a definite and firm conviction that a mistake has been committed. *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir.1985); *Shivers v. Grubbs*, 747 F.Supp. 434 (S.D.Ohio 1990)." *In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio, 1995)(Holschuh, J.)

> [W]hile the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. See *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater,* 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); see also *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc.*, 747 F. Supp. 1299, 1302-03 (S.D. Ill. 1990).

*Murr v. United States,* 200 F.3d 895, 902 (6th Cir. 2000).

**First Objection:   Petitioner's Claims are not cognizable in habeas corpus**

Respondent first asserts the Rule 15 Decision erred as a matter of law in concluding that the claims sought to be added are cognizable in habeas corpus (Objections, Doc. No. 184, PageID 1613).

In the Rule 15 Decision, the Magistrate Judge noted that "The Warden also asserts these claims are not cognizable in habeas corpus but acknowledges binding circuit precedent to the

2

contrary, *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011), cited at Memo. in Opp., Doc. No. 180, PageID 1584."[1]  (Rule 15 Decision, Doc. No. 182, PageID 1599.)

In *Adams*, the Warden had sought dismissal for lack of jurisdiction of a habeas corpus attack on Ohio's lethal injection procedures, relying on *Hill v. McDonough*, 547 U.S. 573 (2006). The Sixth Circuit explained why *Hill* did not yield the result for which the Warden argued

> The issue presented in *Hill* was whether a death-row prisoner's "challenge[] [to] the constitutionality of a three-drug sequence" used to execute capital inmates in Florida "*must* be brought by an action for a writ of habeas corpus under the statute authorizing that writ, 28 U.S.C. § 2254, or whether it *may* proceed as an action for relief under 42 U.S.C. § 1983." *Id.* at 576 (emphasis added). In concluding that it may proceed under § 1983, the Court noted that, "as in *Nelson*, Hill's action if successful would not necessarily prevent the State from executing him by lethal injection." *Id.* at 580. Hill conceded that "other methods of lethal injection the Department could choose to use would be constitutional," and the respondents did not argue that "granting Hill's injunction would leave the State without any other practicable, legal method of executing Hill by lethal injection." *Id*. Further, Florida statutory law did not require the State to use the challenged procedure. *Id*. Accordingly, "[u]nder these circumstances a grant of injunctive relief could not be seen as barring the execution of Hill's sentence." *Id.* at 581. Implicit in this conclusion was that § 1983 was an appropriate vehicle for bringing Hill's challenge.

644 F.3d at 482.

The Sixth Circuit concluded:

> The Warden's contention that *Hill* "holds that a challenge to the particular means by which a lethal injection is to be carried out is non-cognizable in habeas" is too broad. Nowhere in *Hill* or *Nelson* [*v. Campbell*, 541 U.S. 637 (2004)] does the Supreme Court state that a method-of-execution challenge is not cognizable in habeas or

---

[1] The Warden's citation to *Adams* reads:  "Cf. *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011)(finding the [district] court did have jurisdiction to hear 'method of execution' claims in habeas)."   The Magistrate Judge did not mean by using the word "acknowledge" that the Warden had admitted *Adams* was controlling authority contrary to his position.

3

> that a federal court "lacks jurisdiction" to adjudicate such a claim in a habeas action. Whereas it is true that certain claims that can be raised in a federal habeas petition cannot be raised in a § 1983 action, see *Preiser*, 411 U.S. at 500, it does not necessarily follow that any claim that can be raised in a § 1983 action cannot be raised in a habeas petition, see *Terrell v. United States*, 564 F.3d 442, 446 n.8 (6th Cir. 2009). Moreover, *Hill* can be distinguished from this case on the basis that Adams has not conceded the existence of an acceptable alternative procedure. See 547 U.S. at 580. Thus, Adams's lethal-injection claim, if successful, could render his death sentence effectively invalid. Further, Nelson's statement that "method-of-execution challenges[] fall at the margins of habeas," 541 U.S. at 646, strongly suggests that claims such as Adams's can be brought in habeas.

In his original Memorandum in Opposition, the Warden did not attempt to explain why *Adams* is not controlling here. Instead he relied on *Hutcherson v. Riley*, 468 F.3d 750 (11th Cir. 2006), and *Rachal v. Quaterman*, 265 F. App'x 371 (5th Cir. 2008), obviously not binding precedent in this Circuit and not even persuasive if *Adams* is to the contrary.

In his Memorandum in Opposition, the Warden asserted that "[a] lethal injection claim that attacks only the method of execution, as opposed to a *per se* challenge to lethal injection in general, should be brought in a § 1983 cause of action." (Memo in Opp, Doc. No. 180, PageID 1580, citing *Hill*.) But that is not the way *Adams* interprets *Hill*. Rather the Sixth Circuit reads *Hill* to say a lethal injection claim **may** be brought in a § 1983 action, not that it **must** be.

The Warden argues that "success by Waddy on his proposed amended lethal injection claims would not invalidate his death sentence, but instead obligate Ohio to modify the administration of its lethal injection protocol . . ." (Objections, Doc. No. 184, PageID 1614). In Response, Waddy denies that characterization. "Conversely, in his amended habeas claims, Waddy does indeed argue, as the Warden observes, that there is no possible way for the State of

4

Ohio to constitutionally execute him by lethal injection." (Response, Doc. No. 185, PageID 1621.) This makes Waddy's situation precisely analogous to that of Adams who had "not conceded the existence of an acceptable alternative procedure." 644 F.3d at 483. In short, *Adams* is controlling, at least to the extent that the Magistrate Judge's reading of *Adams* is not contrary to law. District Judges Sargus and Rose have agreed with this conclusion. *Chinn v. Bradshaw*, Case No. 3:02-cv-512, 2012 U.S. Dist. LEXIS 93083 (S.D. Ohio July 5, 2012); *Bays v. Warden*, Case No. 3:08-cv-076, 2012 U.S. Dist. LEXIS 75673 (S.D. Ohio May 30, 2012). Judge Sargus independently reached the same conclusion. *Hill v. Mitchell*, Case No. 1:98-cv-452 (Order, Doc. No. 230); *Lindsey v. Bradshaw*, Case No. 1:03-cv-702 (Order, Doc. No. 94); *Braden v. Bagley,* Case No. 2:04-cv-842 (Order, Doc. No. 77); *Davis v. Warden*, Case No. 2:10-cv-107 (Order, Doc. No. 34).

**Second Objection: Amendment is Barred by the Statute of Limitations or Delay**

Respondent asserts "[t]he Magistrate [Judge] erred as a matter of law in concluding that Waddy's proposed amended petition was filed within the statute of limitations." (Objections, Doc. No. 184, PageID 1615.)

The Warden opposed the Motion to Amend on the basis that it was barred by the statute of limitations, but his argument on this point dealt with inapplicability of the equitable tolling and relation back doctrines (Memo. in Opp., Doc. No. 180, PageID 1579). The Rule 15 Decision noted "The Warden asserts that the claims are barred by the statute of limitations, but offers no

analysis of why this claim did not arise when Petitioner asserts it did, to wit, when the lethal injection protocol being challenged was adopted by the State." (Rule 15 Decision, Doc. No. 182, PageID 1598-1599.) The Motion to Amend expressly claimed the benefit of 28 U.S.C. § 2244(d)(1)(D) in that it alleged the new claims arose from Ohio's adoption of a new lethal injection policy. The Warden's Memorandum in Opposition made no response to that point.

The Warden now argues Waddy's amendment is barred by the statute of limitations because Waddy has been unclear what factual predicate for these new claims he discovered within one year before March 8, 2012 (Objections, Doc. No. 184, PageID 1616). But that argument was not made in the Warden's original opposition to the Motion to Amend. How can the Rule 15 Decision be "clearly erroneous" or "contrary to law" for failure to consider an argument that was not made?

In addition to the statute of limitations, the Warden also argues Waddy was dilatory in moving to amend. Delay is a factor to be considered in granting a motion to amend under Fed. R. Civ. P. 15. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990). However, in *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "Delay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989). Waddy is one of a number of Ohio death row inmates who have been very actively litigating the legality of the execution protocol(s) with the State of Ohio for some time. Certainly the State has had ample notice of the challenges and shows no prejudice in Waddy's delay in filing for less than six months after the

6

September 18, 2011, protocol was adopted. Delay in moving to amend may not alone be the ground for denial without finding prejudice to the other party. *Janikowski v. Bendix*, 823 F.2d 945 (6th Cir. 1987); *Moore v. City of Paducah*, 790 F.2d 557 (6th Cir. 1986).

In the capital habeas cases cited above at page five, Judges Sargus and Rose concluded that amended petitions or motions to amend filed in those cases at virtually the same time as the motion here were not barred by the statute of limitations.

**Conclusion**

Because the Warden has not shown the Rule 15 Decision was clearly erroneous or contrary to law, his Objections should be overruled.

July 9, 2012.

s/ *Michael R. Merz*<br>United States Magistrate Judge