# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN WADDY,

        Petitioner,                        Case No. 3:98-cv-084

                                          District Judge Timothy S. Black

    -v-                                Magistrate Judge Michael R. Merz

                              :

NORMAN ROBINSON, Warden,

        Respondent.

---

# DECISION AND ORDER DENYING MOTION TO HOLD IN ABEYANCE PENDING EXHAUSTION

---

This capital habeas corpus case is before the Court on Petitioner's Motion to Hold Petition for Writ of Habeas Corpus in Abeyance Pending Exhaustion of Newly Discovered Evidence Being Presented to State Court (Doc. No. 213). The Warden opposes the Motion (Doc. No. 215) and Petitioner has filed a Reply in support (Doc. No. 217).

A pre-trial motion to stay pending state court exhaustion is within the decisional authority of a Magistrate Judge. 28 U.S.C. § 636(b)(1)(A).

## Procedural History

In May through July, 1986, Carolyn Wilson, Julie Jackson, Paula Mason, and Michael Milligan were victims of various violent crimes in Franklin County, Ohio, including the homicide of Ms. Mason. In August, 1986, police identified Waddy as the perpetrator. He was indicted and tried jointly for these offenses, convicted on all counts and the capital specifications

1

related to Ms. Mason, and sentenced to death.  Because the offenses were committed before January 1, 1995, the first direct appeal was to the Tenth District Court of Appeals which affirmed on November 2, 1989.  *State v. Waddy*, 1989 Ohio App. LEXIS 4137 (10th Dist. Nov. 2, 1989). The Ohio Supreme Court affirmed on direct appeal on April 15, 1992.  *State v. Waddy,* 63 Ohio St. 3d 424 (1992).   The United States Supreme Court then denied certiorari.  *Waddy v. Ohio*, 506 U.S. 921 (1992).

Waddy filed a petition for post-conviction relief under Ohio Revised Code § 2953.21.  Its dismissal was affirmed by the Tenth District.  *State v. Waddy*, 1997 Ohio App. LEXIS 2542 (Ohio App. 10th Dist. June 10, 1997).  The Ohio Supreme Court declined to exercise further jurisdiction.  *State v. Waddy*, 80 Ohio St. 3d 1423 (1997).  The Supreme Court again denied certiorari.  *Waddy v. Ohio,* 523 U.S. 1010 (1998).  The Petition in this case was filed February 26, 1998 (Doc. No. 6).

On February 23, 2000, the Court granted Waddy permission to conduct discovery (Doc. No. 90).  On February 20, 2003, the Court set an evidentiary hearing for May 12th of that year (Doc. No. 131) which was later continued to June 9, 2003 (Doc. No. 132).  However, that hearing never happened.  Three days before the hearing, Waddy filed his first Motion to Stay and hold this case in abeyance while he returned to the Ohio courts to exhaust his claim that he cannot be lawfully executed because he is mentally retarded (Doc. No. 135).  This constitutional right was newly-recognized by the Supreme Court on June 20, 2002. *Atkins v. Virginia,* 536 U.S. 304 (2002).  Waddy represented that he had filed a successive post-conviction petition with the Franklin County Common Pleas Court on May 30, 2003.  *Id.* at PageID 1286.[1]  On June 16,

---

[1] Waddy's filings were barely within the relevant statutes of limitations.  His time to file a successive petition under *State v. Lott,* 97 Ohio St. 3d 303 (2002), would have expired June 9, 2003; his time to raise an *Atkins* claim in this Court would have expired on June 20, 2003, the

2003, this Court granted the stay (Doc. No. 136).

The case remained pending in the Ohio courts for nearly ten years.  After the Common Pleas Court found the claims barred by *res judicata*, the Tenth District Court of Appeals remanded for an evidentiary hearing.  *State v. Waddy,* 2006 Ohio 2828, 2006 App. LEXIS 2653 (10th Dist. June 6, 2006).  After that hearing, the Common Pleas Court again denied relief, but this time the court of appeals affirmed.  *State v. Waddy,* 2011 Ohio 3154, 2011 Ohio App. LEXIS 2664 (10th Dist. June 28, 2011).  The Ohio Supreme Court declined further review on October 24, 2012.  *State v. Waddy*, 2012 Ohio 4902, 2012 Ohio LEXIS 2568 (2012).  On Respondent's Motion, the stay was vacated November 5, 2012, and Waddy was granted leave to file an amended petition including the *Atkins* claim which he did on January 8, 2013.

## The Parties' Positions

Petitioner seeks a stay pending the outcome of a motion for new trial to be filed in the Franklin County Common Pleas Court; the Proposed Motion is attached as Exhibit A to the Motion (Doc. No. 213, PageID 2105-2207).  The Motion adverts to new information discovered by Waddy's present counsel (appointed July 25, 2012) "concerning Mr. Waddy's childhood that had never been presented in court previously."  *Id.* at PageID 2103.  Counsel claim "[t]he newly discovered evidence provides further support for the claim that Mr. Waddy's death sentence is invalid under *Atkins v. Virginia*, 536 U.S. 304 (2002), and reveals additional relevant and compelling mitigating evidence."  *Id.*  Waddy acknowledges that because this evidence has never been presented to the state courts, this Court cannot consider it under *Cullen v. Pinholster,* 563

first anniversary of the *Atkins* decision.

U.S. ___, 131 S.Ct. 1388 (2011), in determining whether the state court decision on Waddy's *Atkins* claim is contrary to or an objectively unreasonable application of *Atkins*. Waddy asserts this new evidence renders his *Atkins* claim unexhausted: "The new facts as discovered and developed in the habeas investigation render these new claims factually unexhausted." (Motion, Doc. No. 213, PageID 2100.) And of course a federal court cannot or should not decide a petition which contains a mixture of exhausted and unexhausted claims. *Id.*, *citing Rose v. Lundy,* 455 U.S. 509, 522 (1982). Waddy reminds the Court that the preferred procedure for dealing with a mixed petition now is to stay the federal proceedings until exhaustion is complete. *Id.* at PageID 2100-2101, *citing Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).

The Warden opposes a further stay because he claims Waddy has not shown good cause for failure to present this evidence on the prior *Atkins* stay and because his *Atkins* claim is "plainly meritless." (Warden's Opposition, Doc. No. 215, PageID 2223, 2225-2227.) The Warden particularly notes that Waddy was provided funds to hire an expert psychologist on the first *Atkins* stay, that he did so, but that he never called that expert at the evidentiary hearing.

Waddy replies that "[o]ne of the issues that will be explored in state court is counsel's ineffectiveness in prosecuting Mr. Waddy's *Atkins* claim." (Reply, Doc. No. 217, PageID 2259). Secondly, he argues that his "current expert, Dr. Cynthia Hartung, found Mr. Waddy to be mentally retarded." *Id.* Finally, he relies on in-person interviews with family members who had not been interviewed by previous counsel and whose testimony would further support the *Atkins* claim. *Id.*

**Analysis**

As authority for staying these proceedings, Petitioner relies on *Rhines v. Weber*, 544 U.S. 269 (2005). The United States Supreme Court has decided that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. It cautioned, however,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278.

To obtain the benefit of *Rhines*, Waddy attempts to expand the scope of its holding from unexhausted **claims** to unexhausted **evidence**, evidence never presented to the state courts, despite their consideration of the very claim in issue. However, the concept of "unexhausted evidence" is unknown to habeas corpus jurisprudence. *Carter v. Mitchell*, 2013 U.S. Dist. LEXIS 62231 * 4 (S.D. Ohio May 1, 2013). As this Court explained in *Carter*,

> To extend *Rhines* to encompass "unexhausted evidence" would provide virtually limitless opportunities to delay finality in habeas

5

> litigation. Particularly with respect to mitigation evidence, the ABA Guidelines suggest gathering as much biographical information as possible. *Bobby v. Van Hook*, 558 U.S. 4, 7-8, 130 S. Ct. 13, 175 L. Ed. 2d 255 (2009). Virtually anything thus gathered may be presented in mitigation if arguably relevant. *Buchanan v. Angelone*, 522 U.S. 269, 276, 118 S. Ct. 757, 139 L. Ed. 2d 702 (1998); *Lockett v. Ohio*, 438 U.S. 586, 98 S. Ct. 2954, 57 L. Ed. 2d 973 (1978); *Eddings v. Oklahoma*, 455 U.S. 104, 102 S. Ct. 869, 71 L. Ed. 2d 1 (1982). Of course the time within which to gather mitigating evidence before trial is limited, but the time within which to gather such evidence post-conviction is limited only by the natural life of the defendant. Assuming diligence in searching for such evidence, a doctrine of "unexhausted evidence" would permit delay of finality in habeas for extended periods and perhaps on a repeated basis.

*Id.* at *5-6. *Rhines* does not support a stay to exhaust "unexhausted evidence" which is to be offered in support of a claim the state courts have already decided, particularly after an evidentiary hearing.

Even if *Rhines* extended to "unexhausted evidence," a habeas petitioner would still be required by *Rhines* to show good cause for failure to present the evidence in the first instance when the case was in the state courts. *Rhines,* 544 U.S. at 278.  Waddy's asserted good cause is "counsel's ineffectiveness."  (Reply, Doc. No. 217, PageID 2259.)  That claim is made in entirely conclusory fashion.  Are present counsel contending that it was ineffective assistance of prior habeas counsel to have retained an expert other than Cynthia Hartung?  On what basis?

 Present counsel intend to present to the Common Pleas Court Declarations from Roslyn Ramsey, Jerome Waddy, Anthony Waddy, Barbara Burrell, and Ronald Scott, all of whom aver that they were never contacted before late 2012 about this case.  Ramsey was the Chief Psychiatric Social Worker at the Educational Therapy Center in Richmond, Virginia, from 1967 to 1971 and writes about the circumstances of the Center and her "signing off" on a social history of Warren Waddy prepared by a Susan Shackelford on January 2, 1969.  The other four

6

are siblings of the Petitioner.  Presumably present counsel are contending that it was ineffective assistance of prior habeas counsel not to interview these witnesses.  But no authority is offered for the proposition that ineffective assistance of habeas counsel will excused lack of diligence in interviewing witnesses.  There is no constitutional right to the effective assistance of counsel in a habeas corpus case.  The furthest the Supreme Court has gone in recognizing any legal effect of deficient performance by post-conviction counsel has been to hold that such ineffectiveness in failing to raise a claim of ineffective assistance of trial counsel in a first post-conviction petition in a state where such a claim of ineffective assistance of trial counsel may only be made in post-conviction will excuse the failure to present such a claim.  *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012).  The situation here comes nowhere near that recognized in *Martinez*.  In the absence of a legally material claim of ineffective assistance of counsel, an attorney's lack of diligence will be attributed to the client.

This Court in no way intends to opine of how the Franklin County Common Pleas Court should treat the Proposed Motion for New Trial.  It is for that court to decide if the Ohio standards for a new trial have been met.  All this Court determines is that Waddy has not met the requirements for a stay under *Rhines v. Weber*.  The Motion for Stay is DENIED.

May 7, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge