IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WARREN WADDY,

    Petitioner,

    -v-

                            :

NORMAN ROBINSON, Warden,

    Respondent.

Case No. 3:98-cv-084

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

## SUPPLEMENT TO DECISION AND ORDER ON MOTION FOR STAY

On April 9, 2013, Petitioner moved this Court to Stay Proceedings (Doc. No. 213). After full briefing, the Court denied the Motion (Doc. No. 219). Petitioner has objected (Doc. No. 224) and Judge Black has recommitted the matter for reconsideration in light of the Objections (Doc. No. 233).

The procedural posture of this capital habeas corpus case is set forth at length in the prior decision. *Waddy v. Robinson,* 2013 U.S. Dist. LEXIS 65092 (S.D. Ohio 2013)(Copy at Doc. No. 219). In short, the Court previously stayed this case for nearly ten years so that Waddy could litigate his *Atkins* mental retardation claim in the Ohio courts. After that process was completed and the stay lifted, present counsel replaced prior habeas counsel and now seek a stay to return to state court to present new evidence in support of the *Atkins* claim, evidence they have found since being appointed in November, 2012.

1

## Unexhausted Claims versus Unexhausted Facts

As authority for the requested stay, Waddy relied on *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).  The Magistrate Judge concluded *Rhines* applies to "unexhausted claims," not "unexhausted facts" in support of claims which have already been adjudicated in the state courts. (Decision, Doc. No. 219, PageID 2312, relying on this Court's prior decision on this point in *Carter v. Mitchell*, 2013 U.S. Dist.LEXIS 62231 * 4-6 (S.D. Ohio May 1, 2013)).

Waddy asserts this holding is "clearly erroneous and contrary to law" (Objections, Doc. No. 224, PageID 2329).[1]  He asserts that, for example, *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) holds that "'adjudicated on the merits in state courts' from section (d) involves the state court making a legal and factual conclusion about an issue."  Nowhere in *Harrington*, either at the pinpoint citation or elsewhere, does the Supreme Court make that holding.  Of course, Waddy is correct in asserting that deciding a habeas claim means applying the governing law to a particular set of facts (Objections, Doc. No. 224, PageID 2329).  But once a habeas petitioner has received a state court decision on the merits of a federal constitutional issue – including the claim as framed to that court and the facts presented in support of that claim – the claim does not become "unexhausted" because more evidence is found which is relevant to the claim.  And Waddy in his Objections nowhere deals with the logic of the *Carter* decision:  if finding some new evidence in support of a claim makes it unexhausted, how will finality ever be achieved?

Waddy also relies on dicta in *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011), to the effect that the discovery of new facts in a pending habeas case may necessitate return to

---

[1] The standard of review of magistrate judge orders on nondispositive pretrial motions is "clearly erroneous" as to factual findings and "contrary to law" as to legal conclusions.  *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001), citing *United States v. Raddatz,* 447 U.S. 667, 673 (1980).  It is unclear from the Objections what factual errors Waddy asserts the Magistrate Judge has made.

state court and notes that this Magistrate Judge has previously accepted that argument (Objections, Doc. No. 224, PageID 2330-2331, *citing Monroe v. Warden*, 2012 U.S. Dist. LEXIS 135535 (S.D. Ohio 2012)).  In that decision the Magistrate Judge concluded that the same language from *Pinholster* did not turn federal habeas into "a free-standing mechanism for gathering evidence" for the purpose of presenting it in state court. *Id.* at *10.  The Magistrate Judge continues to agree with Justice Sotomayor's dissent in *Pinholster* on a point not rejected by the majority:  there will be cases when discovery during federal habeas will turn up new claims, e.g., a *Brady* claim which could not have been previously raised in the state courts because the habeas petitioner did not know and could not have known of the *Brady* material until a federal court compelled the State to disclose it.[2]  The fact that there will be some cases in which new evidence makes a claim unexhausted, that cannot be the case for every habeas claim or there would be no finality.  Compare *Vasquez v. Hillery*, 474 U.S. 254 (1986).

Waddy also relies on three lower court decisions for the proposition that there can be a stay for unexhausted evidence as opposed to unexhausted claims.  In *Mack v. Bradshaw*, 2011 U.S. Dist. LEXIS 135471 (N.D. Ohio 2011), Chief Judge Oliver was confronted with an entirely different situation from what this Court faces.  In that capital habeas corpus case, the State was seeking dismissal of the Petition for lack of exhaustion and petitioner was asserting he had exhausted all the claims at issue.  Judge Oliver found, consistent with *Rhines*, that the unexhausted claims should be exhausted in state court rather than dismissed. *Id.* at *50, *76-77.  Nowhere does Judge Oliver adopt the distinction suggested by Waddy between unexhausted claims and unexhausted facts.

Waddy also relies on *Hreniuk v. Balicki*, 2013 U.S. Dist. LEXIS 39295 (D.N.J. 2013).

---

[2] Although *Brady* material is weighed with all the other evidence in a case to determine materiality, whether a specific piece of evidence is *Brady* material is a very fact specific question.

Judge Cooper's very brief decision allowed a return to state court to exhaust a claim already adjudicated on the merits by the New Jersey courts by presenting new evidence. Importantly, the respondent did not oppose that request. *Id.* at *4. Although the issue was present, Judge Cooper nowhere adverts to the distinction between unexhausted claims and unexhausted facts.

Finally, Waddy relies on *Gonzalez v. Wong*, 667 F.3d 965 (9th Cir. 2011), *cert. denied sub nom. Chappell v. Gonzalez*, 133 S. Ct. 155, 184 L. Ed. 2d 234 (2012). The Ninth Circuit ordered that capital habeas case stayed pending exhaustion of a *Brady* claim in the California courts. However, the claim in question was not the *Brady* claim Gonzalez had previously exhausted (incomplete criminal history of the informant witness), but one he had never been able to present (failure to disclosed documents on the informant's mental state and credibility) because the relevant evidence had been discovered for the first time in federal habeas. This is precisely the sort of hypothetical "new" claim Justice Sotomayor discusses in her *Pinholster* dissent. As noted above, *Brady* claims are fact-specific to the particular piece of undisclosed evidence.

In sum, no court had adopted the rule for which Petitioner contends, to wit, that a habeas case may be stayed so that an exhausted claim may be re-litigated in the state courts on the basis of new evidence. Judge Cooper's decision in *Hreniuk* achieves that result, but without any persuasive discussion.

**Futility of the Stay**

The Magistrate Judge concluded that, even if *Rhines* did apply to unexhausted evidence, Waddy had not shown good cause for failing to present the new evidence to the state courts

4

when the *Atkins* claim was pending before them, an additional requirement under *Rhines* for a stay (Order, Doc. No. 219, PageID 2313-2314). The Objections claim "[t]his conclusion is clearly erroneous." (Doc. No. 224, PageID 2332).

The Motion asserted in conclusory fashion that the good cause was "counsel's ineffectiveness." (Reply, Doc. No. 217, PageID 2259.) Waddy now makes clear that his claim is that the *Atkins* post-conviction appellate counsel, Kort Gotterdam and W. Joseph Edwards, provided ineffective assistance of appellate counsel (Objections, Doc. No. 224, PageID 2332). However, the Objections also allege the ineffectiveness consisted in (1) "failing to present at the *Atkins* hearing a psychologist with specific training and expertise with the assessment and diagnosis of mental retardation" and (2) failing to conduct a thorough social history investigation, including in-person interviews with Mr. Waddy's family." *Id.* Those failings were at the hearing or trial level, and Messrs. Gotterdam and Edwards did not represent Waddy at that level. In the original decision, the Magistrate Judge assumed Waddy was complaining of ineffective assistance at the hearing level, not the appeal level, but that appears not to be the case.

Waddy now asserts that ineffective assistance of post-conviction counsel will excuse a failure to present evidence in post-conviction, relying on *Hooks v. Workman*, 689 F.3d 1148 (10th Cir. 2012). It is correct that the Tenth Circuit held in *Hooks* that there is a constitutional right to effective assistance of counsel in an *Atkins* "trial".[3] Furthermore, it did so in light of the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), allowing ineffective assistance of post-conviction counsel to excuse a procedural default of an ineffective assistance of trial counsel claim where the state in question (Arizona) required that ineffective assistance of trial counsel claims be presented in post-conviction. In *Trevino v. Thaler*, ___ U.S. ___, 133 S.

---

[3] In Oklahoma, from which *Hooks* arose, the courts have recognized a right to trial by jury on the *Atkins* issue. *See Hooks*, 689 F.3d at 1162.

5

Ct. 1911, 185 L. Ed. 2d 1044 (2013), the Court extended *Martinez* to the Texas system.

*Hooks* is a logical extension of *Martinez*, but that extension has not yet been recognized by the Sixth Circuit or, so far as this Court is aware, by any District Court in the Sixth Circuit. It would be premature for this Court to render a decision on that question, since it will need to be presented in the first instance to the Franklin County Common Pleas Court on Waddy's motion for new trial, if the State relies on any procedural default in that proceeding. In other words, it would be inappropriate for this Court to anticipate a procedural default defense which the State has not yet raised and the state courts have not yet had an opportunity to rule on. As the Magistrate Judge noted at the end of the prior decision, it is for the Franklin County Common Pleas Court to decide "if the Ohio standards for a new trial have been met." Allowing the state courts to decide in the first instance is consistent with the rule in *Edwards v. Carpenter,* 529 U.S. 446 (2000).

## Conclusion

Because *Rhines* does not authorize a stay for "unexhausted facts," Petitioner's Motion for Stay should be DENIED. However, this Court should not decide at this point whether Waddy has demonstrated good cause for delay, but should allow that question to be decided in the first instance by the Ohio courts. If the Ohio courts accept Waddy's delayed motion for new trial, this Court could then reconsider whether a stay would be appropriate.

**Authorization to Initiate the New Trial Motion**

In the Objections, Waddy has obviated the concerns this Court had about authorizing him to proceed with the motion for new trial.  Accordingly, Waddy's present counsel are authorized to file the proposed delayed motion for new trial in the Franklin County Common Pleas Court which this Court finds is ancillary to Waddy's habeas corpus proceedings.

June 18, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge