IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WARREN WADDY,                         :

    Petitioner,                       Case No. 3:98-cv-084

                                      District Judge Timothy S. Black
    -v-                                   Magistrate Judge Michael R. Merz

                                      :

NORMAN ROBINSON, Warden,

    Respondent.

## SUPPLEMENTAL OPINION ON MOTION FOR DISCOVERY

This capital habeas corpus case is before the Court on Petitioner Waddy's Motion to Conduct Discovery (Doc. No. 253). The Warden opposed the Motion (Doc. No. 254), and Waddy filed a Reply in support (Doc. No. 255). The Magistrate Judge denied the Motion ("Decision," Doc. No. 257), to which Waddy objected ("Objections," Doc. No. 258), and the Warden has responded to Waddy's Objections ("Response," Doc. No. 261).  Judge Black has recommitted the matter for reconsideration in light of the Objections and Response (Doc. No. 260).

Waddy seeks to conduct discovery relative to his Second and Twenty-First Grounds for Relief which he has pled as follows:

> **SECOND GROUND FOR RELIEF:**
>
> MR. WADDY WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL TO WHICH HE WAS ENTITLED UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE TRIAL COUNSEL FAILED TO OBTAIN A NEUROPSYCHOLOGICAL EVALUATION WHICH WOULD

1

> HAVE REVEALED CEREBRAL DYSFUNCTION AND BECAUSE COUNSEL FAILED TO INSURE THAT A PROPER INVESTIGATION OF ALL POTENTIAL MITIGATING FACTORS WAS CONDUCTED BEFORE TRIAL. MR. WADDY WAS PREJUDICED BY THESE FAILURES BECAUSE SUBSTANTIAL MITIGATION EXISTS BUT WAS NOT PRESENTED TO THE JURY FOR CONSIDERATION DURING SENTENCING PHASE DELIBERATIONS.
>
> **TWENTY-FIRST GROUND FOR RELIEF:**
>
> COURT APPOINTED *ATKINS* COUNSEL RENDERED INEFFECTIVE ASSISTANCE TO MR. WADDY AT THE TRIAL LEVEL THEREBY DENYING WADDY HIS RIGHT TO COUNSEL IN VIOLATION OF HIS SIXTH, EIGHTH AND FOURTEENTH AMENDMENT RIGHTS.

(Second[1] Amended Petition, Doc. No. 208, PageID 1962, 2019.)

**Second Ground for Relief:  Ineffective Assistance of Trial Counsel in Mitigation**

Setting forth the general standard for habeas corpus discovery, the Decision rejected Waddy's assertion that the Supreme Court broadened habeas discovery by its GVR decision in *Wellons v. Hall,* 558 U.S. 220 (2010)(Decision, Doc. No. 257, PageID 19488-89).

With respect to Waddy's Second Ground for Relief, ineffective assistance of trial counsel in mitigation, the Decision denied discovery because discovery had been granted in February 2000 on a parallel ground for relief as it was pled at that time, the discovery now sought to be conducted (depositions of trial counsel and the mitigation specialist) had not been taken then, and the Court had set a discovery cut-off of September 30, 2000 (Decision, Doc. No. 257, PageID 19490-91).

Waddy objects that the Decision's finding about discovery in 2000 is clearly erroneous

---

[1] Doc. No. 208 is in fact Waddy's Second Amended Petition, although not labeled in that way by Waddy's counsel. It  will be referred to hereinafter as the Second Amended Petition.

because the Magistrate Judge did not grant permission to depose trial counsel and the mitigation specialist at that time (Objections, Doc. No. 258, PageID 19502-03).

The Decision does not say that permission was granted in 2000 to depose trial counsel. What it says is that the Order granting in part and denying in part Waddy's then-pending Motion for Discovery "included all discovery sought on Waddy's claim of ineffective assistance of trial counsel in the mitigation phase." Looking back at Waddy's 1999 Motion (Doc. No. 75), the discovery he then sought on his second ground for relief was a number of records depositions, the "depositions of police officers that conducted the voice identification procedures with victims Carolyn Wilson and Julie Jackson," and the deposition of Julie Jackson herself. *Id.* at PageID 19513. In other words, there was no request in 1999 to depose trial counsel or the mitigation specialist. The Court granted records discovery by subpoena as sought, deferring records depositions until an attempt was made to stipulate authenticity (Order, Doc. No. 90, PageID 19526[2]). The Court also authorized depositions of the referenced police officers and of Julie Jackson. *Id.* In other words, the Magistrate Judge did authorize "all the discovery sought on Waddy's claim of ineffective assistance of trial counsel in the mitigation phase," except for insisting that a less expensive method of authentication be attempted before records depositions (which would have required travel to Virginia) were used. It is respectfully submitted that this slight variance about the records depositions does not render the finding in the Decision "clearly erroneous."

The February 22, 2000, Order provided "[a]ll discovery shall be completed not later than May 31, 2000." (Doc. No. 90, PageID 19527.) In his Objections, Waddy misconstrues this as requiring only that "the discovery from that order was to be completed by September 30, 2000."

---

[2] This document bears high PageID numbers because parts of the record were digitized after this case came back from its ten-year hiatus on *Atkins* proceedings in the state courts.

(Doc. No. 258, PageID 19502-03.)  That is not what the 2000 Order says.  Instead, it says "all discovery."  On July 15, 1998, the Court conducted a preliminary pretrial conference and memorialized the results in Minutes which contemplated what would be done by way of informal and then formal discovery in the case (Doc. No. 26).  The February 2000 Order was the result of Waddy's re-filing for formal discovery after attempting the informal discovery discussed in the pretrial conference.  The February 2000 Order was in no way intended to be ad hoc, dealing with only a piece of the discovery.  Instead, it was intended to be comprehensive – hence the words "all discovery."

Fed. R. Civ. P. 16 requires federal courts to issue scheduling orders in civil cases and those orders are required to contain limits on the time for completing discovery.  Fed. R. Civ. P. 16(b)(3)(A).  Although habeas corpus proceedings are exempt from the initial disclosure requirements of Fed. R. Civ. P. 26(a) and therefore from the conference requirements of Fed. R. Civ. P. 26(f), they are not exempt from the scheduling order requirement.  In general, the Supreme Court has repeatedly amended Fed. R. Civ. P. 16 to require judges to actively manage cases assigned to them and, to that end, to expand the list of items to be included in scheduling orders.  The discovery cut-off imposed in the February 22, 2000, Order was in compliance with Fed. R. Civ. P. 16.

In his Motion Waddy argued discovery was not precluded by *Cullen v. Pinholster,* 563 U.S. ___, 131 S. Ct. 1388 (2011), arguing that case did not address Habeas Rule 6.  While that is true, the truth of that observation works both ways:  *Pinholster* on its face neither restricted nor expanded habeas discovery.  However different Waddy's and Pinholster's cases may be, that is not sufficient warrant to infer from *Pinholster* "that a habeas petitioner who has been denied discovery in the state courts is empowered to use federal habeas discovery to correct that denial."

4

All the Decision held was that *Pinholster* does not expand the availability of habeas discovery. The Objections cite no authority to the contrary.

Waddy offers reasons why it would be useful to depose his trial attorneys on his Second Ground for Relief (Objections, Doc. No. 258, PageID 19506-07.) Those arguments might have been persuasive in 2000, but prior counsel[3] never asked for them. As the Order concluded on this point, the fact that Waddy "has new counsel does not warrant starting over in the discovery process." (Doc. No. 257, PageID 19491.)

**Twenty-First Ground for Relief: Ineffective Assistance of Counsel in *Atkins* Proceedings**

With respect to Waddy's Twenty-First Ground for Relief, ineffective assistance of counsel in post-conviction proceedings under *Atkins v. Virginia*, 536 U.S. 304 (2002), the Decision held this claim was not cognizable in habeas corpus because no precedent of the United States Supreme Court clearly establishes such a right (Decision, Doc. No. 257, PageID 19491-94).

In his Objections, Waddy still does not cite any Supreme Court precedent. He had previously cited *Hooks v. Workman*, 689 F.3d 1148 (10th Cir. 2012), but the Decision noted that case had not been followed by any court (Doc. No. 257, PageID 19493). The Decision cited three cases from this Circuit which had rejected the claim. *Id.* Waddy objects that in one of those cases, *Hill v. Anderson*, 2014 U.S. Dist. LEXIS 86411 (N.D. Ohio June 25, 2014), a certificate of appealability has been granted by the Sixth Circuit. In seeking the certificate, Hill's counsel, including Attorney Werneke who also represents Waddy, represented to the Sixth Circuit that

---

[3] Both attorneys representing Waddy in 2000 were experienced capital litigators. Carol Wright has since become head of the Capital Habeas Unit of the Federal Defender's Office in this District.

reasonable jurists could disagree on the question, citing *Workman* and this Court's decision in *Bays v. Warden*, 2014 WL 29564 (S.D. Ohio Jan. 3, 2014). The undersigned looks forward to the Sixth Circuit's decision on the question, but the grant of a certificate of appealability is, of course, not a decision on the merits.

Waddy also claims that "another federal district court has adopted *Hooks'* reasoning . . ." (Objections, Doc. No. 258, PageID 19508, citing *United States v. Wilson*, 2013 WL 1338710, *5, n.8 (E.D.N.Y. Apr. 1, 2013)). The entire footnote 8 reads:

> Neither the Supreme Court nor the Second Circuit has addressed whether an *Atkins* proceeding (or a Government-requested examination conducted as part of an *Atkins* proceeding) is a "critical stage" such that the Sixth Amendment's right to counsel applies. But as the Tenth Circuit recently noted (and which the parties do not seem to dispute), an *Atkins* proceeding is "inextricably intertwined with sentencing" and holds "significant consequences for the accused." *Hooks v. Workman,* 689 F.3d 1148, 1184 (10th Cir.2012) (citation omitted). Accordingly, the court holds that a criminal defendant is guaranteed the right to counsel at an *Atkins* proceeding and any associated examination by Government-appointed experts. *See id.* ("We are hard-pressed to imagine a more significant consequence for the accused than a determination of whether the State has the power to take his life." (internal quotation marks and alteration omitted)). But as the court has previously indicated, this does not mean that defense counsel are entitled to be *present* at such examinations, *Wilson,* 2012 WL 6962982, at *14–15, only that counsel must be informed of the "scope and nature of the proceeding," *Buchanan,* 483 U.S. at 424.

That holding, made by the trial judge in a capital case being tried in federal court, is certainly consistent with *Atkins*. It is also consistent with the practice of this Court coming forward from *Atkins*. As the Decision noted, "[p]rospectively this Court has always assured that capital habeas petitioners with *Atkins* claims had death-certified counsel to represent them in those post-Atkins Ohio Revised Code § 2953.21 proceedings." (Doc. No. 257, PageID 19494.) But that is far different from recognizing a constitutional right to effective assistance in a post-*Atkins* post-

conviction proceeding. Such a right can be recognized only by the United States Supreme Court.

**Conclusion**

The Decision is neither clearly erroneous on the facts nor contrary to law. The Magistrate Judge therefore adheres to his prior conclusion denying the requested discovery.

January 2, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge
